Carmen M. LAFFEY, Plaintiff,

v.

INDEPENDENT SCHOOL DISTRICT
# 625, Defendant.

Civ. File No. 3–90–290.

United States District Court,
D. Minnesota,
Third Division.

Sept. 10, 1992.

James Vincent Roth, Leonard Street & Deinard, Minneapolis, Minn., for plaintiff and Carmen M. Laffey, plaintiff pro se.

Thomas Michael Sipkins, Donald M. Lewis, and John M. Baker, Popham Haik Schnobrich & Kaufman, Minneapolis, Minn., for defendant.

## ORDER

LEBEDOFF, United States Magistrate Judge.

The above-entitled matter is before the undersigned Magistrate Judge of District Court pursuant to Plaintiff's following motions: Motion of Extension of Time to File an Appeal, and Motion to Proceed IFP (In Forma Pauperis).

This matter came on for trial before this Court on June 15–17 and 19, 1992.[1] This Court entered its Findings of Fact, Conclusions of Law, and Order for Judgment on July 27, 1992, and judgment was entered in favor of the Defendant on July 28, 1992.

In support of her motion for extension, Plaintiff argues that she no longer has legal counsel and wants time to review the Federal Rules of Appellate Procedure. In support of her motion to proceed IFP, Plaintiff contends that she is unemployed and is supported by her son.

This Court notes that Plaintiff's motions were brought on August 21, 1992, at which time she could have filed a timely notice of appeal. While the Court understands the difficulties inherent in Plaintiff's *pro se* status, the Court also notes that Plaintiff was cognizant of the Federal Rules of Appellate Procedure and the deadlines set therein for appeal. As such, the Court finds that Plaintiff could have timely appealed and her motion for extension is therefore denied. Accordingly, Plaintiff's motion to proceed IFP is moot.

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1) Plaintiff's Motion of Extension of Time to File an Appeal is DENIED.

2) Plaintiff's Motion to Proceed IFP is DENIED AS MOOT.

---

1. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to have the undersigned conduct the trial of this case and order the entry of a final judgment.